# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| Brenda Burns, Individually and as the Parent and Natural Guardian for B.B., a Minor, ) ) ) ) Plaintiff, ) ) vs. ) ) Coty, Inc. and Coty US, LLC, ) ) Defendants. ) ) | C/A No. 1:15-cv-05060-PJG **ORDER APPROVING MINOR SETTLEMENT** |

This matter is before the Court pursuant to Local Civil Rule 17.02, DSC, S.C. Code Ann. § 62-5-433, and the verified Petition of Brenda Burns, as Parent and Guardian *ad Litem* of Plaintiff B.B., a minor, ("Petitioner") for an Order approving and confirming the settlement as set out in said Petition.

After due consideration and inquiry into the circumstances surrounding the proposed settlement of these claims, I find as follows:

(a) That B.B. is a minor pursuant to S.C. Code Ann. § 62-1-201(24);

(b) That Petitioner Brenda Burns is the Parent and Guardian *ad Litem* of B.B., a minor. (ECF 77) Petitioner is a citizen and resident of the State of South Carolina. Plaintiff and the minor, B.B., are represented in this matter by the attorneys of Ed Bell and Lori Cromartie of the Bell Legal Group;

(c) Defendants Coty, Inc., and Coty US, LLC, are corporate entities organized and existing under the laws of a state or states other than South Carolina and with their principal

1



places of business in a state or states other than South Carolina. Defendants are represented in this matter by J. Kenneth Carter, Jr., and Carmelo B. Sammataro of Turner Padget Graham & Laney, P.A.;

(d) That complete diversity of citizenship exists between the parties, the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and jurisdiction exists pursuant to 28 U.S.C. § 1332;

(e) That all parties are properly represented and are properly before the Court; that no questions exist as to misjoinder or nonjoinder of parties, and that the Court has jurisdiction over the subject matter and the parties;

(f) That Plaintiff initiated this products liability action with the filing of her Summons and Complaint in the Aiken Division on March 9, 2016. (ECF 1) Thereafter, Plaintiff filed her Amended Complaint, in which she alleges the minor, B.B., sustained personal injury on or after September 28, 2014, from exposure to Sally Hansen Simply Smooth Hair Remover, a cream-based depilatory manufactured by Defendants. (ECF 11) Plaintiff asserted causes of action for negligence, strict liability, failure to warn, violation(s) of the South Carolina Adulterated or Misbranded Food and Cosmetics Act, S.C. Code Ann. §§ 39-25-10, *et seq.*, and breach of implied and express warranties. Her Amended Complaint includes a prayer for actual and punitive damages, pre- and post-judgment interest, costs and expenses, and attorney's fees. The gravamen of Plaintiff's allegations is that Coty failed to properly label and warn users of the potentially dangerous chemical properties of the Sally Hansen Simply Smooth Hair Remover product. Plaintiff's Amended Complaint invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Amd. Compl., ECF 11, at ¶ 3) Defendants' Answer to Amended Complaint (ECF 16) denied the allegations of the Amended Complaint and asserted numerous substantive

PJG

defenses;

(g) That counsel for Plaintiff and the minor, B.B., among other services rendered on behalf of their clients, drafted pleadings, discovery responses, and other documents filed with the Court; appeared for and participated in numerous fact and expert witness depositions; reviewed extensive document production; participated in mediation; and appeared for and participated in jury selection;

(h) That the minor, B.B., sustained an alkaline burn to the left eye, which resulted in a complete loss of vision in the left eye. B.B.'s treating physician confirmed B.B.'s vision loss and that B.B. is not presently a candidate for any medical treatment that might restore vision in her left eye. Medical expenses related to the left-eye injury are approximately $13,500.00;

(i) That the compromise settlement between the parties as recited in the Petition has been reached and the settlement documents are prepared and ready for execution by Petitioner, on behalf of B.B., a minor, pending approval by this Court; (ECF 78) and

(j) That there exists between the parties a legitimate contest and controversy and that this agreement for compromise is just, reasonable, adequate under all of the circumstances of this case, and in the best interests of those persons represented by the Petitioner on behalf of B.B., a minor.

Based upon the facts found above, I am of the opinion and so find, that the settlement set forth in the Petition should be approved and confirmed as provided by S.C. Code Ann. § 62-5-433.

**IT IS THEREFORE ORDERED**

1. That the said compromise as recited in the Petition be and hereby is approved as a fair, just, and reasonable settlement of the contest and controversy existing between Brenda



Burns, Individually and as the Parent and Guardian *ad Litem* of B.B. a minor, her heirs, beneficiaries and assigns, and the Defendants.

2. That Brenda Burns, as the Parent and Guardian *ad Litem* of B.B., a minor, is hereby directed, empowered, and authorized to execute such settlement agreements, releases, and other documents as may be required to fully effectuate the compromise or settlement agreement by this Court and to discharge all claims or demands of whatever nature against Defendants, including all causes of actions or claims which Petitioner and her survivors, heirs, beneficiaries, and/or representatives might have or may have arising out the incident giving rise to this lawsuit.

3. The Court hereby approves the payment of attorneys' fees and costs in the amount set forth in the verified Petition and finds that said fees and costs are fair and reasonable under the circumstances. The net settlement proceeds, after deduction for attorneys' fees and costs, medical expenses and direct payment to the annuity, are to be distributed by Brenda Burns, as Parent and Guardian *ad Litem* of B.B. Burns, a minor, as provided for under the governing law.

The Honorable Paige J. Gossett
United States Magistrate Judge

Columbia, South Carolina
November 15, 2018

**WE CONSENT:**

Brenda Burns, Petitioner

November 14, 2018
Aiken, South Carolina

November 14, 2018
Georgetown, South Carolina

s/J. Edward Bell, III
J. Edward Bell, III (Fed. I.D. #1280)
Deloris K. Cromartie (Fed. I.D. #11120)
Bell Legal Group
219 Ridge Street
Georgetown, SC 29440

4

ebell@edbelllaw.com
lori@edbelllaw.com
Phone: (843) 546-2408
Fax: (843) 546-9604

**ATTORNEYS FOR PLAINTIFF**

November 14, 2018                s/ Carmelo B. Sammataro

Carmelo B. Sammataro (Fed ID No. 9174)
Turner Padget Graham and Laney, P.A.
1901 Main Street. 17th Floor
Columbia, SC 29202
Ssamataro@turnerpadget.com
Phone: (803) 227-4253
Fax: (803) 799-3957

**ATTORNEYS FOR DEFENDANTS**